AO 241
REV 6/82

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Eastern District of Louisiana |
|---|---|

| Name Michael Francis | Prisoner No. #169396 | Docket No. 01-3236 |
|---|---|---|

**Place of Confinement** Pine #3 dormitory
Louisiana State Penitentiary
Angola, LA  70712

SECT. T MAG. 6

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Michael Francis | V. N. Burl Cain, (Warden) |

The Attorney General of the State of: Louisiana

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   NOV 28 2001

LORETTA G. WHYTE
CLERK

## PETITION

1. Name and location of court which entered the judgment of conviction under attack 22nd Judicial District

Court, St. Tammany, Louisiana

2. Date of judgment of conviction November 7, 1995

3. Length of sentence Fifty (50) years, Forty (40), Forty (40) years/CC

4. Nature of offense involved (all counts) Armed Robbery (1), Second-Degree Kidnaping (2)

(Armed robbery is a violation of La. R.S. 14:64, and Second-Degree

Kidnaping is a violation of La. R.S. 14:44.1)

5. What was your plea? (Check one)
   (a) Not guilty         XX
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury         XX
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No XX

8. Did you appeal from the judgment of conviction?
   Yes XX No ☐

5.00 pd

Fee
Process
X Dktd
CtRmDep
Doc.No. 2

(2)

AO 241
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court First Circuit, Court of Appeal, State Of Louisiana

(b) Result Conviction and sentence affirmed; multi bill ajudication reversed.  Sentence vacated, remanded. (approximately 18 months

(c) Date of result until resentenced.) (Date of result February 20, 1998)

(d) Grounds raised (1) Trial Court erred in denying motion for mistrial

after the court improperly replaced a seated juror; (2) Trial Court

erred in denying a motion for a mistrial after a witness referred to

a prior felony conviction in front of the jury; (3) that Francis was

denied effective assistance of counsel (failing to object.)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes XX No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court 22nd Judicial District Court, St. Tammany Parish

(2) Nature of proceeding Initial Application for Post-Conviction Relief

under Louisiana's Post-Conviction Relief statutory guidelines.

(3) Grounds raised (1) Petitioner denied constitutional right to a fair

and impartial jury when he was forced, over objection, to accept

a law enforcement officer as a member of the jury; (2) Denial of

effective assistance of counsel in two (2) seperate claims which

include trial and appellate stages; and (3) Court erred in denial
of Motion for a New Trial.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No XX

(5) Result Trial court denied post-conviction relief.

(6) Date of result Received July 3, 1999; Reconsideration denied received
on August 4, 1999.

(b) As to any second petition, application or motion give the same information:

(1) Name of court First Circuit, Court of Appeal, State of Louisiana

(2) Nature of proceeding Application for Supervisory Writs/Certiorari from

the trial court's denial of post-conviction relief.

(3)

AO 241
REV 6/82

(3) Grounds raised **That the ruling of the trial court denying post-conviction relief was improper and contrary to state law; all grounds and factual basis from initial application for post-conviction relief were presented for review.**

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒X

(5) Result **Ruling of trial court affirmed on review.**

(6) Date of result **N/A**

(c) As to any third petition, application or motion, give the same information:
(1) Name of court **Louisiana Supreme Court**

(2) Nature of proceeding **Application for Writ of Certiorari directed to the** First Circuit, Court of Appeal

(3) Grounds raised **That the First Circuit, Court of Appeal erred in denying Supervisory writs directed to the trial court, all grounds of error urged in application for post-conviction relief were presented to the State Supreme Court for review and have been exhausted at the State level.**

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒X

(5) Result **Writ of Certiorari denied.**

(6) Date of result **October 6, 2000**

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒X No ☐
(2) Second petition, etc.     Yes ☒X No ☐
(3) Third petition, etc.       Yes ☒X No ☐

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 6/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner was denied his federal and state guaranteed right to trial by a fair and impartial jury when he was forced, over the objection, to accept a law enforcement officer as a juror.

Supporting FACTS (tell your story *briefly* without citing cases or law): A veteran police officer who worked with the Louisiana Attorney Gereral's office as a investigator and prosecutorial officer at the time of the trial, was a Covington police officer for (3) years, and had served as a Causeway officer for (10) years and candidly admitted that he would give more credibility to the testimony of a police officer and was a police officer for (17) years, and knew all officers of the court on a basis. Thid juror was forced on Petitioner.

B. Ground two: Petitioner was denied effective assistance of counsel at the trial stage and counsel failed to preserve error for appellate review.

Supporting FACTS (tell your story *briefly* without citing cases or law): Trial counsel was ineffective when he failed to properly object to and preserve for appeal purposes the court's denial of petitioner's challenge for cause of juror Pechon. This constituted reversible error, and failure to preserve the error of the improper denial is "plain error".

(5)

C. Ground three: The Petitioner was denied the constitutionally guaranteed right to effective assiatance at the appellate stage, who should raise and briefed the improper denial of challenge for cause.

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

The Petitioner had made every possible effort to preserve in some fashion the trial court's err in improperly denying his challenge for cause of juror Pechon.  This error was of a magnitude to require reversal and appellate counsel, despite Petitioner's urging, failed to raise and brief the issue.

D. Ground four The trial court erred in denying Petitioner's Motion for a New Trial based on the denial of challenge for cause of juror Pechon.

Supporting FACTS (tell your story *briefly* without citing cases or law): The Motion for New Trial was filed and predicated on La. C.Cr.P. art 851(2), which provides that the Motion be based on incorrect ruling og the trial court on objection made during the proceedings showing prejudicial error, and Louisiana law "requires" that the Motion "shall" be tried contradic- torily with the District Attorney.  Petitioner's Motion was impro- perly denied on the face.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

_____

(b) At arraignment and plea  James Talley, 639 N. Thread Street, Covington, LA.

_____

AO 241
REV 6/82

(c) At trial <u>Mr. Salvador J. Liberto, Jr., 639 N. Thread Street, Covington, LA</u>

(d) At sentencing <u>Mr. Salvador J. Liberto, Jr., 639 N. Thresd St., Covington, LA.</u>

(e) On appeal <u>Mr. Frank Sloan (Louisiana Appellate Project), 148 Crapemyrtle Covington, LA</u>

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes **XX**  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No **XX**
(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

<u>10-15·01</u>
(date)

_____
Signature of Petitioner
Michael Francis

(7)

**TABLE OF CONTENTS**                                    **Page Number**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii.

MEMORANDUM BRIEF IN SUPPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

ARGUMENT IN SUPPORT OF CLAIM NO. 1 . . . . . . . . . . . . . . . . . . . . . . . . . 4.

ARGUMENT IN SUPPORT OF CLAIM NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . 14.

ARGUMENT IN SUPPORT OF CLAIM NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . 24.

ARGUMENT IN SUPPORT OF CLAIM NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . . 27.

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30.

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31.

TABLE OF AUTHORITIES                              **Page Number**

CONSTITUTIONAL PROVISIONS:

LSA-Const. Art. I § 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3., 14., 30.

LSA-Const. Art. I, § 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3., 4., 5., 30.

LSA-Const. Article I, § 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3., 4., 11., 22., 30.

U.S.C.A. Const. Amend. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.-5., 14., 30.

U.S.C.A. Const. Amend., 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

CODE AND STATUTORY AUTHORITIES:

La. C.Cr.P., art. 797 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10., 12.

La. C.Cr.P., art. 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24.

La. C.Cr.P., art. 851(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3., 27., 28.

La. C.Cr.P., art. 851(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27.

La. C.Cr.P., art. 852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29.

CASE CITATIONS:

Alvord v. Wainwright, 725 F.2d 1282 (11 Cir. 1984), *cert den* 469 U.S. 956 (1984)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.

Evitts v. Lucey, 469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) . . . . . 15.

Gravely v. Mills, 87 F.3d 779 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 28.

Irvin v. Dowd, 366 U.S. 717, 721, 81 S.Ct. 1639, 1642 (1981) . . . . . . . . . . . . 6., 7.

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) . . . . . . . . 14.

Jordan v. Lippman, 763 F.2d 1265, 1275-78 (11th Cir. 1985) . . . . . . . . . . . . . . 17.

Lofton v. Whitley, 905 F.2d 885, 887-88 (5th Cir. 1990) . . . . . . . . . . . . . . . . . 26.

Marshall v. Lonberger, 459 U.S. 422, 438, 103 S.Ct. 843, 853, 74 L.Ed.2d 646 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23.

McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 1449 n.14, 25 L.Ed.2d 763, 773 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.

Mylar v. Alabama, 671 F.2d 1299 (11th Cir. 1982), *cert den* 463 U.S. 1229 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.

Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) . . . . . . . . . . . 14.

Robinson v. Maynard, 829 F.2d 1501 (10th Cir. 1987) . . . . . . . . . . . . . . . . . . . 26.

Silverthorne v. United States, 400 F.2d 627, 638 (9th Cir. 1968) . . . . . . . . . . . . 18.

Smith v. Gearinger, 888 F.2d 1334 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . 16.

South Central Bell Telephone Co. v. Louisiana Public Service Commission, 594 So.2d 357 (La. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20.

State v. Arvie, 505 So.2d 44, 48 (La. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21.

State v. Ballard, 718 So.2d 521 (La. App. 1 Cir. 1998) . . . . . . . . . . . . . . . . 5., 6., 27.

State v. Bates, 397 So.2d 1331 (La. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

State v. Clairborne, 397 So.2d 486, 489 (La. 1981) . . . . . . . . . . . . . . . . . . . . . . 12.

State v. Cross, 93-1189 (La. 6/30/95), 658 So.2d 683, 686 . . . . . . . . . . . 9., 13., 29.

State v. Domino, 444 So. 2d 268, 270 (La. App. 1 Cir. 1983) . . . . . . . . . . . . 8., 12.

State v. Ervin, 340 So.2d 1379 (La. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . 21., 23.

State v. Green, 493 So.2d 588 (La. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 21., 22.

State v. Heard, 408 So.2d 1247 (La. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

State v. Holmes, 620 So.2d 436 (La. App. 3 Cir. 1993) . . . . . . . . . . . . . . . . 21., 22.

State v. Isgitt, 590 So.2d 763 (La. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

State v. Jenkins, No. 94-72 (La. App. 5 Cir.), 646 So.2d 1197 . . . . . . . . . . . . . . 25.

State v. Johnson. No. 93-0394 (La. 6/3/94), 637 So.2d 1033 . . . . . . . . . . . . . . . . 21.

State v. Jynes, No. 94-745 (La. App. 5 Cir. 3/1/95), 652 So.2d 91, 96 . . . . . 21., 22.

State v. Lewis, 391 So.2d 1156, 1158 (La. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

State v. McIntyre, 381 So.2d 408 (La. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

State v. Mickey, 626 So.2d 24 (La. App. 1 Cir. 1993) . . . . . . . . . . . . . . . . . . 21., 22.

State v. Myles, 389 So.2d 12, 28-31 (La. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 15.

State v. Porter, 626 So.2d 476 (La. App. 3 Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 21.

State v. Pyke, 640 So.2d 460 (La. App. 3 Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 21.

State v. Robinson, 96-0292 (La. App. 1 Cir. 11/8/96), 684 So.2d 63 . . . . . . . 5., 16.

State v. Roux, 487 So.2d 1226 (La. App. 3 Cir. 1986) . . . . . . . . . . . . . . . . . . . . . 11.

State v. Shelton, 377 So.2d 96 (La. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

State v. Simmons, 390 So.2d 1317 (La. 1980) . . . . . . . . . . . . . . . . . . . . . . . 5., 7., 16.

State v. Thomas. No. 27,507 (La. App. 2 Cir. 12/6/95), 665 So.2d 629, 632-33
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21., 23., 28.

State v. Vanderpool, 493 So.2d 574 (La. 1986) . . . . . . . . 13., 16., 20., 23., 25., 28.

State v. West, 157 W.Va. 209, 200 S.E.2d 859 (1973) . . . . . . . . . . . . . . . . . . . . . 5.

State v. Williams, 615 So.2d 1009, 1020 (La. App. 1 Cir. 1993) . . . . . . . . . . . . . 10.

State v. Williamson, 389 So.2d 1328 (La. 1980) . . . . . . . . . . . . . . . . . . . . . . 20., 21.

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.

Turner v. Murray, 476 U.S. 1, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986) . . . . . . . . . 17.

United States v. Brown, 799 F.2d 134, 136 n.3 (4th Cir. 1986) . . . . . . . . . . . . . . 17.

United States v. De La Cruz, 870 F.2d 1192, 1194 (7th Cir. 1989) . . . . . . . . . . . 26.

United States v. Jackson, 542 F.2d 403, 413 (7th Cir. 1976) . . . . . . . . . . . . . . . . 17.

United States v. Segal, 534 F.2d 578, 581 (3rd Cir. 1976) . . . . . . . . . . . . . . . . . . 17.

Williams v. Lockhart, 849 F.2d 1134, 1137-38 (8th Cir. 1988) . . . . . . . . . . . . . . 26.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**MICHAEL FRANCIS,**                                    CIVIL ACTION NO:_____
                **Petitioner**

-vs-                                                    Division:_____

**N. BURL CAIN, WARDEN,**
**LOUISIANA STATE PRISON,**                             MAGISTRATE JUDGE:_____
                **Respondent**

### MEMORANDUM BRIEF SUPPORTING
### PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS
### CORPUS BY A PERSON IN STATE CUSTODY

---

**MAY IT PLEASE THE HONORABLE COURT:**

COMES NOW, *Michael Francis*, who petitions this Honorable Court for the

issuance, under 28 USC § 2254, of the writ of habeas corpus. This memorandum brief

supports and accompanies the form application of petitioner. In support of his petition

for federal habeas corpus, Michael Francis respectfully presents the following:

I.

Petitioner was denied relief on review by the Louisiana Supreme Court on post

conviction October 22, 2000. Petitioner's sentences were affirmed on direct appeal

1.

December 22, 2000.[1]  Petitioner suggests that the State of Louisiana did not have statutory jurisdiction to render a disposition on his post-conviction claims because he was still pending finalization of his sentence on direct appeal.[2]  Therefore, Michael Francis having tenuously exhausted all available state remedies prior to seeking relief before this court suggests that this Honorable Court, if necessary, hold in abeyance this instant petition for habeas corpus relief, until he may properly exhaust all his state-court issues.

On the other hand, should this Honorable Court find the issues raised in this petition for habeas corpus have all been fairly presented to the Louisiana state courts for resolution, then the matter is properly before this Honorable Court, *i.e.*, relief has been denied at all court levels in the state, and this Honorable Court may review Petitioner's claims upon which he seeks relief.

II.

Petitioner brings four (4) specific issues before this Court based upon which Petitioner seeks the issuance of federal habeas corpus.  The issues are as follows:

---

[1]  See attached form/petition for writ of habeas corpus under § 2254 for a more in-depth procedural history of the case.

[2]  **La. C.Cr.P., art. 924.1 Effect of appeal** provides:

> "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."

1.   The Petitioner was denied his federal and state - guaranteed right to a trial by a trial by a fair and impartial jury when he was forced, over objection made known to the trial court, to accept a career law enforcement officer as a juror. U.S.C.A. Const. Amend. 6; LSA-Const. Art. I §§ 16, 17.

2.   Petitioner was denied effective assistance of counsel at the trial stage when counsel failed to more strenuously, properly and timely object to, and preserve for appellate review, the trial court's improper refusal to the challenge for cause. U.S.C.A. Const. Amend. 6; LSA-Const. Art. I § 13.

3.   The Petitioner was denied the constitutionally guaranteed right to the effective assistance of counsel at the appellate stage, as appellate counsel failed to raise and brief the trial court's improper denial of challenges for cause. U.S.C.A. Const. Amend. 6; LSA-Const. Art. I § 13.

4.   The trial court erred in denying Petitioner's Motion for New Trial which was based on the improper denial of challenge for cause of juror Pechon, as the Motion for New Trial was predicated on Louisiana Code of Criminal Procedure, Article 851(2), which provides that the Motion for New Trial shall be based on the incorrect ruling of the trial court on objection made during the proceedings showing prejudicial error; and shall be tried contradictorily with the District Attorney. U.S.C.A. Const. Amend. 14.

As stated above, these issues have each been fairly presented to the state trial court and appellate courts for review.   The petitioner has never received a *definitive* ruling from any state court, though all courts have issued summary denials of post-conviction relief.   The petitioner will brief all issues separately here, as briefly as possible, and will move this Court for permission to amend and supplement his petition and supporting memorandum as this case develops.

## *ARGUMENT IN SUPPORT OF CLAIM NO. 1*

**The Petitioner Was Denied His Federal and State Guaranteed Right to a Trial by a Fair and Impartial Jury When He Was Forced, over Objection Made Known to the Trial Court, to Accept a Law Enforcement Officer as a Member of the Empaneled Jury Which Ultimately Found him Guilty as Charged. LSA-Const. Arts. 16, 17; U.S.C.A. Const. Amend. 6.**

The United States Constitution and Louisiana State Constitution both mandate that a criminally accused *must* receive a trial before a fair and impartial jury. Louisiana state law has been clearly defined as prohibiting active, career law enforcement officers from serving as competent jurors. ***Louisiana Constitution, 1974, Article I, § 16 and § 17.***

The Louisiana Constitution of 1974, **Article I, § 16** requires that

> "*Every person charged with a crime is . . . entitled to a speedy, public, and **impartial** trial. . . .*"

**Article I, § 17** of the Louisiana Constitution of 1974, as amended by **Act 1502** of 1997 provides that the

> "*. . . accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.*"

## LAW ENFORCEMENT OFFICERS ARE NOT COMPETENT JURORS

In Louisiana, it has long been held that service on criminal juries by one associated with law enforcement must be "closely scrutinized, and may justify a challenge for cause." ***State v. Lewis***, 391 So.2d 1156, 1158 (La. 1980). Law

enforcement officers are not competent jurors.  *State v. Simmons*, 390 So.2d 1317 (La. 1980); *State v. Robinson*, 96-0292 (La. App. 1 Cir. 11/8/96), 684 So.2d 63.

A year-and-a-half later, the same court that decided *Robinson, supra*, issued an opinion in *State v. Ballard*, 718 So.2d 521 (La. App. 1 Cir. 1998), which narrowed the circumspection with which law enforcement officers who are potential jurors are scrutinized.  In a case marked by no less than six (6) dissenting opinions, the *Ballard* court reasoned that it is the *relationship between the prosecuting entity and the potential juror* that must be so carefully scrutinized, and not the potential juror himself.

While making this turn-about, the *Ballard* court looked to the more correct reasoning in an out-of-jurisdiction case, *State v. West*, 157 W.Va. 209, 200 S.E.2d 859 (1973), where that Court instructed:

> ". . . when the defendant can demonstrate even a tenuous *relationship between a prospective juror and any prosecutorial or enforcement arm of State government*, the defendant's challenge for cause should be granted."

The guarantee of an impartial trial, as mandated by **Article I, § 16** of the Louisiana Constitution and the **Sixth Amendment** to the United States Constitution, is offended by the presence on petitioner's jury of a badge-wearing law enforcement officer.  Neither is an actively employed criminal deputy sheriff a competent criminal juror.  This is so because "the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, "indifferent" jurors.  The failure to accord an accused

a fair hearing violates even the minimal standards of due process." *Irvin v. Dowd*, 366 U.S. 717, 721, 81 S.Ct. 1639, 1642 (1981) (*citations omitted*).

Here, juror Donald Pechon, a veteran, career police officer who worked closely with the prosecutorial arm of the Louisiana State Attorney General's Office and knew virtually every key player in the courtroom theater, was the foreman of the jury that ultimately convicted Petitioner. There is absolutely no doubt that the remaining members of the jury panel elected juror Pechon a their foreman in consideration of and based upon what they perceived as a special "wisdom" due to his background in criminal law enforcement. Even apart from that, his presence in the deliberation room of the court would, either directly or impliedly, insert a note of partiality in the jury's deliberations.

To avoid an impermissible influence on jury analysis or deliberations, it is essential to exclude all active duty law enforcement officers from jury service in criminal matters. *Ballard, supra* at 530 (Fitzsimmons, J., dissenting with reasons).

The scrutiny must be on interaction not only with fellow employees of a particular sheriff but *also on interaction with other law enforcement agents and with prosecutors who were not their direct employers. Ballard*, *supra* at 530 (Guidry, J., dissenting with reasons).

The reality of criminal prosecutions in this state is that we have multijurisdictional task forces, cooperation and shared resources among parishes, multi-parish

6.

judicial districts, with several sheriffs and one district attorney and particular sheriff's employees working in tandem with non-employing prosecutors and other law enforcement personnel outside their department. *Ballard, supra* at 530 (Guidry, J., dissenting with reasons).

It is the status as a law enforcement officer and the interaction with other law enforcement officers and with prosecutors intra-and inter-parish that renders seating an actively employed sheriff's deputy as a juror violative of our constitution.

In *Simmons, supra*, the appellate court ruled that failing to sustain challenges for cause and requiring exercise of a peremptory challenge for a prospective juror who was acquainted with a majority of the employees in the district attorney's office and who dealt with them in their work as a deputy sheriff was error, notwithstanding the fact that juror stated that she would not have any problems in applying the judge's instructions to the facts, where the juror had a master's degree in law enforcement, had been with the sheriff's office for one year, and had worked closely with the district attorney, thus making it reasonable to conclude that she would have been influenced in her verdict.

Over and over again, reviewing courts, applying the reasoning in the *Simmons* case, have held an active deputy sheriff is not a competent juror, *even if he unequivocally states that he can be fair and impartial.* Here, juror Pechon *never* "unequivocally stated he could be fair and impartial". *Irvin v. Dowd*, 366 U.S. at 721.

7.

## JUROR PECHON'S EXTENSIVE LAW ENFORCEMENT
## CAREER MAKES HIM AN INCOMPETENT JUROR

Here, in Petitioner's case, juror Donald Pechon had the following background as revealed during voir dire:

(1)    he currently worked with the investigative/prosecutorial arm of the Louisiana State Attorney General's office Criminal Division, and had been so employed for four (4) years, and

(2)    he had worked as a police officer with the Covington (local) police department for three (3) years, as well as

(3)    he had served on the Causeway (local) police department for an additional ten years, and

(4)    he admitted that he would give more credibility to the testimony of a police officer, and

(5)    he admitted that for thirteen of the previous seventeen years he had been a police officer, and

(6)    he admitted that he "would have difficulty", having been in law enforcement most of his adult life.

*[see voir dire transcript pp. 105, 110-111]*

Petitioner challenged juror Pechon for cause based on the above criteria, which clearly precluded Pechon from serving as a competent juror.

In *State v. Domino*, 444 So. 2d 268, 270 (La. App. 1 Cir. 1983), the state court used a "totality of circumstances" test in deciding that the facts surrounding the

8.

challenged juror made out a case of abuse of discretion on the part of the trial judge in denying the challenge for cause. *Domino, supra* at 270.

Here, the "totality of circumstances" test applied to juror Pechon's facts as revealed on voir dire would warrant reversal. In fact, "[t]he defendant need only show two things to obtain a reversal of his conviction: (1) that the trial judge erred in refusing to maintain a challenge for cause by him; and (2) that he exhausted all of his peremptory challenges." *State v. Cross*, 93-1189 (La. 6/30/95), 658 So.2d 683, 686.

### JUROR PECHON WAS NEVER REHABILITATED PRIOR TO THE TRIAL COURT'S DENIAL OF CHALLENGE FOR CAUSE

The trial court improperly refused the challenge for cause. The District Attorney, from all appearances, recognized juror Pechon's incompetence as a juror and out of concern that the court would probably grant the challenge for cause, attempted to rehabilitate juror Pechon by asking the court for permission to further question juror Pechon following defense counsel's "request" for challenge for cause. [*see voir dire transcript p. 154*]

Rather than permitting the district attorney to question and perhaps rehabilitate juror Pechon, the trial court pre-empted those efforts and denied the challenge for cause. [*see voir dire transcript p. 154*]

Had full rehabilitation of juror Pechon been permitted (albeit at the hands of the district attorney), only then could the trial court have hoped to make a "reasonable determination" that juror Pechon was a competent juror. However, there was no

9.

rehabilitation on juror Pechon's prejudice against a criminal defendant or law witness in favor of law enforcement officers.

### FAILURE TO PERMIT REHABILITATION OF JUROR PECHON AND DENIAL OF CHALLENGE FOR CASE WAS AN ABUSE OF DISCRETION AND CONSTITUTES REVERSIBLE ERROR

"Because no rehabilitation followed this response. the trial court abused its discretion in denying the challenge . . . for cause." *State v. Williams*, 615 So.2d 1009, 1020 (La. App. 1 Cir. 1993).

### BOTH THE STATE AND THE DEFENSE WERE DEPRIVED OF THE OPPORTUNITY FOR A FULL AND FAIR VOIR DIRE

It may seem incongruous for the petitioner to assert the state's position, but it would have been better for the state and the defense for the trial court to have permitted Mr. Gracianette (the Assistant District Attorney) who asked for the opportunity to do so, to question and rehabilitate juror Pechon.

The appropriate response by the trial court would have been to allow the state or the defense and opportunity to rehabilitate Pechon. The state knew this was appropriate, and in an effort to avoid what it felt would be the sure and certain loss of juror Pechon, asked to rehabilitate him.

The court's refusal to do so, and refusal to grant the defense's challenge for cause, constitutes reversible error. What might at first seem to be a bias on the part of a prospective juror *can* be removed by rehabilitation. *State v. McIntyre*, 381 So.2d 408 (La. 1980); **La. C.Cr.P., art. 797**. If rehabilitation is successful, a challenge for

10.

cause is unwarranted. *State v. Bates*, 397 So.2d 1331 (La. 1981); *State v. Heard*, 408 So.2d 1247 (La. 1982); *State v. Roux*, 487 So.2d 1226 (La. App. 3 Cir. 1986).

By foreclosing either the defense *or* the state's ability to more fully explore the prospective juror's alleged bias following the state's questioning of juror Pechon, the court denied the defendant his right to a "full voir dire examination," as guaranteed him by **Article I, § 17** of the Louisiana Constitution. In *State v. Shelton*, 377 So.2d 96 (La. 1979), the state Supreme Court held that the accused's right to "full voir dire examination" even *extends to and includes* the right to examine a prospective juror *challenged for cause by the prosecution* in order to demonstrate his impartiality.

In *Clairborne*,[3] the state Supreme Court reaffirmed that holding, pointing out that it "is buttressed by the numerous cases in which this court has condoned a trial court practice of permitting prosecuting attorneys to employ voir dire examination to rehabilitate and establish the impartiality of prospective jurors who initially expressed an opinion or impression of the defendant's guilt or innocence." *Id.* at 489.

In fact, on the other side of the coin, to *strike* a venire member for cause without giving the *defense* an opportunity to rehabilitate is reversible error.

> We hold that, when a defense attorney is precluded from voir dire examination of a prospective juror which may have demonstrated the juror's ability to render an impartial verdict, the granting of a prosecution challenge for cause by the trial court deprives an accused his right to full voir dire examination.

---

[3]    *State v. Clairborne*, 397 So.2d 486, 489 (La. 1981).

*State v. Clairborne*, 397 So.2d 486, 489 (La. 1981).

On facts revealed during voir dire, a challenge for cause should be granted, even when the prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may reasonably be implied. *State v. Isgitt*, 590 So.2d 763 (La. 1991). **La. C.Cr.P., art. 797**.

The responses of juror Pechon to counsel's inquiries regarding his extensive career as a police officer and criminal investigator clearly indicate that a reasonable court could infer that his bias, prejudice or inability to render judgment according to law would deprive the defendant of his constitutionally guaranteed right to trial by an impartial jury.

As the Courts of Louisiana have frequently held, "service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause . . . ." *State v. Domino*, 444 So.2d 268, 270 (La. App. 3 Cir. 1983) (citing cases). In *Domino*, the juror was not an officer herself, but her father-in-law was. She was ultimately found to be unable to demonstrate the required level of impartiality.

Considering juror Pechon's very extensive employment history and career in law enforcement as a police officer, his current employment with the Criminal Division of the state Attorney General's Office, and his stated tendency to lend more credibility

12.

to the testimony of law enforcement officers than to law witnesses, rehabilitation of this juror was mandatory.

In the case of *State v. Vanderpool*, 493 So.2d 574 (La. 1986), Chief Justice Dixon held that:

> ". . . defendant made it known that he wanted the deputy excused and voiced reasons why, and thereby preserved the issue for appeal, despite the lack of objection."

The holdings in *Vanderpool, supra,* apply with force to the instant case. Petitioner's peremptory challenges were exhausted with the dismissal of juror Richard. The facts brought out on voir dire clearly and convincingly excluded juror Pechon as a competent juror, and yet he was note excused for cause, and in fact was seated as the foreman of Petitioner's jury.

Using *Vanderpool* as the benchmark, then, Petitioner need make no further showing to warrant reversal. The improper refusal of the challenge for cause on juror Pechon affected substantial state and federal rights of the Petitioner.

The jury which tried Petitioner as not the fair and impartial jury contemplated by the Louisiana Constitution, nor the United States Constitution.

It was reversible error for the trial court to deny Petitioner's challenge for cause of juror Pechon, and the particular failure to do so without permitting efforts at rehabilitation, knowing that Petitioner's counsel had exhausted all peremptory challenges, constituted an abuse of discretion. *State v. Cross*, 658 So.2d at 686.

13.

This claim warrants reversal, and the Petitioner respectfully presents that this

Court should vacate the judgment of conviction and the sentences herein attacked.

### ARGUMENT IN SUPPORT OF CLAIM NO. 2

**The Petitioner Was Denied His Constitutionally Guaranteed Right to the Effective Assistance of Trial Counsel, Secured to Him by the Sixth Amendment to the Constitution of the United States, and the Louisiana Constitution of 1974, Article I, § 13, when Counsel Failed to More Strenuously Object and Appropriately Preserve for Direct Appellate Review the Trial Court's Improper Refusal of the Challenge for Cause.**

The Petitioner is entitled to the effective assistance of counsel as guaranteed to

him by **Article I, § 13** of the Louisiana Constitution of 1974, and the **Sixth**

**Amendment** to the United States Constitution.

The Petitioner has shown that the failure of the trial court to grant Petitioner's

challenge for cause on juror Pechon constituted reversible error.

In fact, this is ***substantial error.***

### THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO "PROPERLY" OBJECT TO DENIAL OF CHALLENGE FOR CAUSE GOES TO "FUNDAMENTAL FAIRNESS"

The **Sixth Amendment** guarantees those accused of crimes to have the assistance

of counsel for their defense. **U.S. Const. amend. VI.**

The purpose of this **Sixth Amendment** right to counsel is to protect the

fundamental right to a fair trial. ***Powell v. Alabama***, 287 U.S. 45, 53 S.Ct. 55, 77

L.Ed. 158 (1932); ***Johnson v. Zerbst***, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461

(1938); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963);

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The skill and knowledge of counsel is intended to afford a defendant "ample

opportunity to meet the case of the prosecution." *Strickland*, 466 U.S. at 685 (citing

*Adams v. United States ex rel. McCann*, 317 U.S. 269, 275-276, 63 S.Ct. 236, 240, 87

L.Ed. 268 (1942)).

Acknowledging the extreme importance of this right, the United States Supreme

Court has held:

> That a person who happens to be a lawyer is present at trial
> alongside the accused . . . is not enough to satisfy the
> constitutional command. The Sixth Amendment recognizes
> the right to the assistance of counsel because it envisions
> counsel's playing a role that is critical to the ability of the
> adversarial system to produce just results. An accused is
> entitled to be assisted by an attorney, whether retained or
> appointed, who plays the role necessary to ensure the trial
> is fair.

*Strickland v. Washington*, 466 U.S. at 685.

Thus, the Court has recognized that "the right to counsel is the right to effective

assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441,

1449 n.14, 25 L.Ed.2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of

Louisiana found ineffective assistance of counsel on the face of the appellate record.

There, trial counsel failed to object to inadmissible evidence, and failed to object to

erroneous jury instructions. *Id.* at 28-29. The reviewing court by-passed the need for

15.

a hearing, holding that "[t]he advocacy for [appellant's] life was tepid and virtually non-existent." *Id.* at 30.

While a defendant must *ordinarily* show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary.

## PREJUDICE IS PRESUMED

Here, such inquiry is unnecessary because *prejudice is presumed* in light of the holdings in *Vanderpool, Simmons,* and *Robinson, supra.*

In a Georgia case, *Smith v. Gearinger*, 888 F.2d 1334 (11th Cir. 1989), the Court held that if:

> [t]rial counsel knew or had reason to know that the jury was composed in part of persons disqualified under Georgia law . . . *counsel's performance at the voir dire would fall outside the range of professionally competent assistance.*

*Id.* at 1338 [emphasis added]

The fact that Petitioner's counsel was "asleep at the wheel" should not be charged to his bill here. Where the "fundamental fairness" of the trial is at question, and substantial (constitutional) rights of the Petitioner have been impaired or denied, reversal is warranted.

There is a constitutional right to ask those questions reasonablely necessary to the exposure of prejudice which may jeopardize the right to a fair and impartial jury.

16.

***Turner v. Murray***, 476 U.S. 1, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986).

As a matter of federal law, the general rule is that "the trial court abuses its discretion in voir dire when the parties are denied the right to some surface information about prospective jurors which might furnish a basis for challenge." ***United States v. Brown***, 799 F.2d 134, 136 n.3 (4th Cir. 1986) (citing, ***United States v. Baldwin***, 607 F.2d 1295, 1297 (9th Cir. 1979) ("Discretion is not properly exercised if the questions are not reasonably sufficient to test the jury for bias or partiality"); ***United States v. Segal***, 534 F.2d 578, 581 (3rd Cir. 1976); ***United States v. Jackson***, 542 F.2d 403, 413 (7th Cir. 1976)).

It is clear that when ADA Gracianette asked the trial court for permission to further question juror Pechon, that his purpose was to elicit further information which, in his aim, would rehabilitate the juror.

The trial court had the obligation and duty to permit that questioning, in order to either elicit surface information which would rehabilitate juror Pechon, or to uncover a more unequivocal stance held by juror Pechon. Adequate bias had already been revealed for the court to sustain the challenge for cause, and based upon that information already uncovered, it was an abuse of the trial court's discretion to deny further questioning, even if it were done at the behest of the ADA Gracianette.

Indeed, "it is clear that the [Supreme] Court [has] presupposed the right to a searching and extensive voir dire where the potential for prejudice exists. . . [V]oir dire must be adequate to unearth potential prejudice" in the jury pool. ***Jordan v. Lippman***,

17.

763 F.2d 1265, 1275-78 (11th Cir. 1985) (quoting *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639 (1961)). A thorough voir dire is important in judging the propriety of challenges for cause since, "in the absence of an examination designed to elicit answers which could provide an objective basis for the court's evaluation, 'merely going through the form of obtaining the jurors' assurances of impartiality is insufficient. . . .'" *Silverthorne v. United States*, 400 F.2d 627, 638 (9th Cir. 1968).

### FAILURE TO "PROPERLY OBJECT" AND PRESERVE THE ERROR OF THE IMPROPER DENIAL OF CHALLENGE FOR CAUSE IS SUBSTANTIAL ERROR

Thus far, the focus of Petitioner has been in showing that the failure of the trial court to grant Petitioner's challenge for cause on juror Pechon constituted reversible error. when in fact, this is *substantial error*.

Further, is the fact that this case presents just the limited set of circumstances where an error is so obvious that the failure to object cannot bar this Court's review on habeas review.[4]

When a defendant has a lawyer who fails to object at trial, this often means that the accused suffers a double indignity —he receives a sub-par trial, and is then barred from even having a fair crack on appeal. There is an intuitive antipathy to a system that would watch Michael Francis grow old and die in prison, simply because his lawyer was asleep at the wheel.

---

[4]    Every jurisdiction in the United States, however harsh the rules of procedural default, has exceptions to the rule for blatant errors.

For these reason, even though there may be a "contemporaneous objection" rule, every state in the country has formulated an exception[5] that allows for consideration of issues that were not properly preserved in the trial court.[6]  Most courts have recognized that this exception rule is applied with particular care when life is at stake.[7]

---

[5]    This exception may go by different names, although ultimately most of the rules come down to the same thing.

[6]    *See, e.g.,* Butler v. State, 232 So.2d 631, 632-33 (Ala. 1970) (will consider issues "seriously prejudicial to the rights of the accused"); State v. Ceja, 565 P.2d 1274 (Ariz. 1977) (review to ensure that the trial was fair); Clark v. State, 363 So.2d 331 (Fla. 1978) ('[f]undamental error,' which can be considered on appeal without objection in lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action"); State v. Osborn, 631 P.2d 187, 192-93 (Idaho 1982) ("fundamental error, even absent objection at trial, will be reviewed on appeal"); People v. Szabo, 477 N.E. 2d 183, 201 (Ill. 1983) ("one affecting substantial rights of the defendant."); State v. Martin, 55 N.W. 2d 258 (Iowa 1952) (errors "which clearly show manifest injustice"); Ky. R. Crim. Pro. 9.26 ("the substantial rights of the defendant have been prejudiced"); Commonwealth v. Harris, 358 N.E. 2d 982, 987 (Mass. 1976) (there can be no waiver by counsel's silence "of fundamental constitutional rights"); Ferguson v. State, 507 So.2d 94, 96 (Miss. 1987) ("[w]e tend to disregard procedural niceties where such is necessary to avoid the possibility of a serious miscarriage of justice"); State v. Mount, 152 A.2d 343, 352 (N.J. 1959) ("likelihood of having harmed the substantial 'rights of the defendant'"); Cuevas v. State, 641 S.W. 2d 558, 563 (Tex. Cr. App. 1982) ("defect of constitutional magnitude"); *see also,* Fleming v. State, 240 S.E. 2d 37, 40 (Ga. 1977).

[7]    *See, e.g.,* State v. Alberson, 47 So. 2d 182, 186 (Ala. 1950) (noting that this is applied more carefully in a capital case); State v. Martin, 55 N.W. 2d 258 (Iowa 1952) (errors "which clearly show manifest injustice, especially in capital cases"); *see also* People v. Easley, 671 P.2d 813, 823 (Cal. 1983); State v. Walters, 138 A.2d 786, 789 (Ct. 1958); Castell v. State, 301 S.E. 2d 234, 246 (Ga. 1983); People v. Szabo, 447 N.E. 2d 183, 201 (Ill. 1983); Smith v. Commonwealth, 366 S.W. 2d 902, 906

19.

Louisiana's Supreme Court has made it clear that:

> ". . .requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed 'to promote judicial efficiency and to insure fair play.'"

Louisiana recognized this in *State v. Vanderpool*, 493 So.2d 574, 575 (La. 1986). (*Vanderpool, supra*)  Indeed, in *South Central Bell Telephone Co. v. Louisiana Public Service Commission*, 594 So.2d 357 (La. 1992), Justice Cole, joined in part by Justice Watson, pointing out that "[t]his Court has held, time and again, that the contemporaneous objection rule is not absolute, and exceptions exist which allow errors to be raised despite the lack of objections at trial." *Id.* at 369 (Cole, J., joined in part by Watson, J., concurring).

In *State v. Williamson*, 389 So.2d 1328 (La. 1980), the Louisiana Supreme Court explained:

> [I]t is within the province of this reviewing court to entertain complaint of Constitutional violations on appellate review notwithstanding that . . . . [this] more often than not is deferred until filing of a writ of habeas corpus.  This Court's usual pretermission of such issues stems from the need for an evidentiary hearing. . . . The record before us, however, bears full and sufficient proof of the error which not posterior hearing could augment.  For this reason, the need for delay is obviated.

---

(Kan. 1962); Bartholemey v. State, 273 A.2d 164, 169 (Md. 1971); Culberson v. State, 379 So.2d 499, 506 (Miss. 1980); State v. Hawley, 48 S.E. 2d 35 (N.C. 1948); Tuggle v. State, 119 P.2d 1056, 1059 (Ore. 1953); Commonwealth v. McKenna, 383 A.2d 174, 180 (Pa. 1978); Patterson v. State, 295 S.E. 2d 264, 264-65 (S.C. 1982); State v. Brown, 607 P.2d 261 (Utah 1980); State v. Morris, 283 P. 404 (Wyo. 1929).

*State v. Williamson*, 389 So.2d 1328, 1331 (La. 1980).

What has been characterized as a limited exception to the contemporaneous objection rule has been consistently followed in Louisiana since that time. *See, e.g., State v. Johnson*, No. 93-0394 (La. 6/3/94), 637 So.2d 1033; *State v. Arvie*, 505 So.2d 44, 48 (La. 1987); *State v. Green*, 493 So.2d 588 (La. 1986); *State v. Ervin*, 340 So.2d 1379 (La. 1976); *State v. Thomas*, No. 27,507 (La. App. 2 Cir. 12/6/95), 665 So.2d 629, 632-33; *State v. Jynes*, No. 94-745 (La. App. 5 Cir. 3/1/95), 652 So.2d 91, 96; *State v. Pyke*, 640 So.2d 460 (La. App. 3 Cir. 1994); *State v. Porter*, 626 So.2d 476 (La. App. 3 Cir. 1993); *State v. Holmes*, 620 So.2d 436 (La. App. 3 Cir. 1993); *State v. Mickey*, 626 So.2d 24 (La. App. 1 Cir. 1993).

In *Williamson*, the issue was the use of the wrong instruction after the law had been changed. This kind of issue has come up in *State v. Holmes*, where the jury was erroneously instructed that "specific intent to kill or commit great bodily harm" was an element of attempted second degree murder. This court held:

> [t]he asserted error involves the very definition of the crime for which defendant as in fact convicted. Such an error is of such importance and significance as to violate fundamental requirements of due process.

*Id.* 620 So.2d at 438; *accord State v. Pyke*, 640 So.2d at 462-63; *see also, State v. Johnson*, 637 So.2d at 1035 ("[a] substantial probability that jurors may have convicted the defendant under an incorrect definition of the crime justifies setting aside a conviction on due process grounds even in the absence of a contemporaneous

objection") (citing cases); *State v. Jynes*, 652 So.2d at 96 (erroneous attempted manslaughter instruction).

Petitioner presents that having a juror such as juror Pechon, serving as the foreman of his jury, over objection of counsel (whether "proper" objection or not), constitutes such substantial, obvious error, which violates exactly the fundamental requirements of due process as contemplated in *Holmes, supra.*

### SUBSTANTIAL ERROR ANALYSIS AS APPLIED TO COUNSEL'S FAILURE TO OBJECT DURING VOIR DIRE SUSPENDS THE CONTEMPORANEOUS OBJECTION REQUIREMENT

Louisiana courts have specifically held that limitations in voir dire are so fundamental that the contemporaneous objection rule should be suspended.  In *State v. Mickey*, for example, this Court held that this error specifically violated "the constitutional mandate of **LSA-Const. Art. I, § 17** (1974). . . ." *Id.* 626 So.2d at 27. That Court concluded:

> "We find that the trial court's curtailment of the defendant's right to elicit information from prospective jurors as to the use or presence of drugs among their families or friends was prejudicial.  The trial court's curtailment of voir dire in this respect clearly deprived defendant of the opportunity to show grounds for challenges.  Accordingly, we conclude that the trial judge committed reversible error in restricting the scope of voir dire."

*Id.* at 27.

The same "substantial error/contemporaneous objection" analysis applies to jury instructions.  In *Green*, the trial court had failed to instruct the jury to consider prior

convictions only for the purpose of determining habitual offender status, and not in considering the accused's guilt of the current charges.

> [t]he prejudice to the defendant which results from a failure to give limiting jury instructions with regard to prior crime evidence in one-stage recidivist trials is so great that it constitutes plain error of constitutional magnitude, requiring relief even where the defendant did not request the limiting jury instructions.

*Id.* at 591 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438, 103 S.Ct. 843, 853, 74 L.Ed.2d 646 (1983)).

In *Vanderpool*, the Louisiana Supreme Court considered the seating of "an actively employed criminal deputy sheriff [who] is not a competent criminal juror." *Id.* 493 So.2d at 575.[8]  These kind of errors "substantially affected the fairness of the proceeding and the reliability of the fact-finding process." *Thomas*, 665 So.2d at 633.

In *State v. Ervin*, without regard for the State's technical argument about the insufficient objection made, this Court considered an error where a witness had mentioned the prior incarceration of the accused.  Since this issue had come up previously, and the judge had ruled on its admissibility, the Court held that an objection would have "been a vain and useless act, and under the circumstances we find that none was required." *Id.* 340 So.2d at 1381.

Likewise, there were errors in Mr. Francis' case —indeed, the trial was

---

[8]     In Vanderpool, the court ultimately found harmless error since the juror was struck and the accused had not exhausted his peremptory challenges. Here, juror Pechon became the *foreman* of Francis' jury!

unfortunately riddled with them— that "substantially affected the fairness of the proceeding". Even if this Court should ultimately rule that there as no "proper" objection, then, this Court should also consider the merits after applying a "substantial error" analysis.

### PETITIONER MEETS HIS BURDEN UNDER LA. C.CR.P. ARTICLE 841 AS HE MADE KNOWN TO THE COURT HIS OBJECTIONS TO THE SEATING OF JUROR PECHON

Louisiana Code of Criminal Procedure, **Article 841** reads in pertinent part, as follows:

> "An objection need not be raised by incantation; it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he wishes the court to take, or of his objections to the actions of the court."

Clearly, Petitioner made known to the trial court that he (1) challenged juror Pechon for cause based on his obvious inability to serve as a competent, unbiased juror, and (2) that he objected to the trial court's denial of challenge for cause.

Under Louisiana Code of Criminal Procedure, **Article 841**, this is all that is required.

### *ARGUMENT IN SUPPORT OF CLAIM NO. 3.*

**The Petitioner Was Denied His Federal and Louisiana Constitutionally Guaranteed Sixth Amendment Right to Effective Assistance of Appellate Counsel, Who Should Have Raised and Briefed the Issue Concerning the Improper Denial of Challenge for Cause of Juror Pechon, Which Denial of Challenge for Cause under the Facts Constitutes a Reversible Error.**

24.

The right to the effective assistance of counsel has long been held to extend to the right to assistance of counsel at the appellate stage.

The Petitioner here also had the right to effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Alvord v. Wainwright*, 725 F.2d 1282 (11 Cir. 1984), *cert den* 469 U.S. 956 (1984); *Mylar v. Alabama*, 671 F.2d 1299 (11th Cir. 1982), *cert den* 463 U.S. 1229 (1983).

### UNDER LOUISIANA PRECEDENT, PETITIONER HAD THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Louisiana law, as well, recognizes the extension of this right to effective assistance of counsel as extending to assistance on appeal. *State v. Jenkins*, No. 94-72 (La. App. 5 Cir.), 646 So.2d 1197.

Just as this Court should recognize the "substantial error" of the improper denial of challenge for cause on juror Pechon, the failure to brief the issue on direct appeal further constitutes substantial error.  Competent and effective appellate counsel should have recognized the obvious error and briefed it for the reviewing court.

In *Alvord*, the Eleventh Circuit held that "the best way to evaluate" a claim of ineffective assistance of counsel on appeal "is to examine the alleged trial errors to see if they contain sufficient merit . . . that appellate counsel can be faulted for not having raised them." 725 F.2d at 1291.

Here, the issue has sufficient merit, and is firmly enough grounded in Louisiana law, at least since *Vanderpool, supra*, and its predecessor cases, that appointed appellate

counsel must be faulted for his failure to bring the issue on appeal.

In *Robinson v. Maynard*, 829 F.2d 1501 (10th Cir. 1987), the Court held that counsel may provide ineffective assistance on appeal where he fails to raise an issue of the prosecutor's courtroom behavior. *See also Lofton v. Whitley*, 905 F.2d 885, 887-88 (5th Cir. 1990) (sixth amendment right to effective appellate counsel denied when appointed counsel filed two page brief that did not specify any grounds for appeal); *United States v. De La Cruz*, 870 F.2d 1192, 1194 (7th Cir. 1989) (counsel, required to continue to represent indigent defendant on appeal, devoted much of the appellate brief to his desire to withdraw from case, rather than to client's defense); *Williams v. Lockhart*, 849 F.2d 1134, 1137-38 (8th Cir. 1988) (defendant entitled to evidentiary hearing on ineffective assistance claim when claimed she asked trial counsel to file notice of appeal and counsel did not perfect appeal).

The Petitioner himself recognized the appellate merit of this error, as, again, it goes to the fundamental fairness of the entire trial proceedings.  If a pro se petitioner, untrained and unskilled in the law, can recognize the "substantial error" facet of such an issue going to fundamental fairness, then counsel *must* be faulted for his failure to brief the issue for appeal.

This Court has the authority, and through this application for a federal writ of habeas corpus, the vehicle, to correct the error of counsel.

Michael Francis has presented a sufficient showing of ineffective assistance of counsel, both during trial and on direct appeal.  Francis' petition for a writ of habeas

corpus should be granted and the convictions and sentences set aside.

### *ARGUMENT IN SUPPORT OF CLAIM NO. 4.*

**The Trial Court Erred in Denying Petitioner's Motion for New Trial Based on the Denial of Challenge for Cause of Juror Pechon, as the Motion for New Trial Was Predicated on Louisiana Code of Criminal Procedure Article 851(C), Which Provides That the Trial Court *SHALL* Grant a Motion for New Trial Based on an Incorrect Ruling of the Trial Court on Objection Made During the Proceedings Which Shows Prejudicial Error.**

Louisiana statutes provide for five (5) general grounds giving the trial court authority to grant a new trial on motion of the defendant. **La. C.Cr.P., art. 851(2)** provides that a new trial, on motion of the defendant, *shall* be granted, when

> (2)     *the court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.*

Petitioner, Michael Francis, submitted a motion for new trial based on the trial court's improper denial of his challenge for cause when the court permitted juror Pechon to be seated on Petitioner's jury.

Since Louisiana law clearly establishes that juror Pechon was not a competent juror, even in light of ***Ballard***, *supra*, and Petitioner made his objection to juror Pechon known, it was clearly prejudicial error to (1) deny the challenge for cause, and (2) to refuse to grant the Petitioner's Motion for New Trial.

The Petitioner's earlier "substantial error" argument is encompassed here, as well. Since it was so obviously substantial error for the trial court to deny the challenge

27.

for cause, it was also substantial error to deny the motion for new trial based on that denial.

Also, where the substantial effect of the prejudicial ruling denying the challenge for cause is to disturb the fundamental fairness of the proceeding and undermine the reliability of the fact-finding process itself, then a new trial should have been granted on Petitioner's motion under **La. C.Cr.P., art. 851(2).**

In *Vanderpool*, the state court considered the seating of "an actively employed criminal deputy sheriff [who] is not a competent criminal juror." *Id.* 493 So.2d at 575.5 These kind of errors "*substantially affected the fairness of the proceeding and the reliability of the fact-finding process.*" *See also Thomas*, 665 So.2d at 633.

### THE FAILURE OF DEFENSE COUNSEL TO RAISE THE ISSUE ON MOTION FOR NEW TRIAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL

In addition, the *failure* to raise this issue on a motion for new trial has been found to constitute ineffective assistance of counsel. "Trial counsel was ineffective for repeatedly failing to object to prosecution's improper comments concerning defendant's post-arrest silence *and for failing to preserve these issues by way of the post-trial motion for new trial.*" *Gravely v. Mills*, 87 F.3d 779 (6th Cir. 1996).

Counsel for the Petitioner filed a Motion for New Trial in which he failed to raise the issue of juror Pechon and the improper denial of Petitioner's challenge for cause. This issue *was* raised in a motion for new trial, however, as it was presented to the trial

28.

court in a hand-written motion for new trial by the Petitioner/defendant, thus properly preserving the issue.

## THE TRIAL COURT ERRED IN NOT CONDUCTING A CONTRADICTORY HEARING ON THE MOTION FOR NEW TRIAL AS REQUIRED BY LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 852

Petitioner filed his handwritten motion for a new trial, which was denied by the trial court on January 13, 1996, without hearing.

The language of Louisiana Code of Criminal Procedure, **Article 852** is *mandatory*, in that it provides that the motion for new trial

"... *shall be tried contradictorily with the district attorney.*"

It was an abuse of discretion on the part of the trial court to deny the Petitioner's Motion for New Trial without trying the motion contradictorily with the District Attorney as the error is one which demands the reversal of his conviction and sentence as Petitioner has exhibited that: (1) the trial judge erred in refusing to maintain a challenge for cause by him; and (2) he exhausted all of his peremptory challenges. *State v. Cross*, 93-1189 (La. 6/30/95), 658 So.2d 683, 686.

No state court has properly addressed this issue which warrants a reversal, and at the time of conviction warranted the granting of a new trial as it met the criteria of Louisiana statutes governing the motion for new trial.

Petitioner submits that this issue is properly before this Court and warrants the granting of his federal petition for a writ of habeas corpus.

29.

## CONCLUSION

Petitioner has demonstrated that he was deprived of the fair and impartial jury as contemplated by and guaranteed by **Article I, §§ 16** and **17** of the Louisiana Constitution of 1974, as amended and, the **Sixth Amendment** to the United States Constitution.

Petitioner has further demonstrated herein that he was in fact denied effective assistance of counsel as guaranteed by the **Sixth Amendment** to the United States Constitution and **Article I, § 13** of the Louisiana Constitution. The failure and deprivation occurred both at the trial level, and at the appellate level. Counsel failed to perform in a manner that protected petitioner's constitutional rights to a full, fair, and impartial adversarial process.

Therefore, Petitioner respectfully requests an evidentiary hearing with the appointment of counsel to further develop the issues, or the reversal of his convictions.

**WHEREFORE**, embracing the foregoing facts and jurisprudence, petitioner respectfully urges this Honorable Court to:

1.    Grant an Evidentiary Hearing;

2.    Require the District Attorney, in and for the Parish of St. Tammany, State of Louisiana, to show cause, on a day and time to be determined by this Honorable Court, and to state why Petitioner, Michael Francis, should not be granted the relief prayed for;

3.    After due proceedings be had, issue orders, decrees, or judgments, finding unconstitutional, the judgment of convictions and sentences entered; and

30.

4.   For any and all other relief deemed just and appropriate to assure that justice is served in the instant case.

Respectfully Submitted By:

*Michael Francis*

Michael Francis #169396
Pine Unit - 3
Louisiana State Penitentiary
Angola, Louisiana 70712

## CERTIFICATE OF SERVICE

I, Michael Francis, hereby certify that I have served a true and correct copy of the foregoing federal petition for a writ of habeas corpus and supporting memorandum of law on the District Attorney for St. Tammany Parish, Louisiana, either via U.S. Mail or by serving him personally, by hand, through his assistant or representative in open court. I further certify that I deposited three copies of the same in the institution's mail box, properly addressed and postage prepaid to the Honorable Clerk of Court, United States District Court, Eastern District of Louisiana, on this _18_ day of _October_, 2001.

*Michael Francis*

Michael Francis #169396

31.

OA 240 (1/94)

# United States District Court

EASTERN ——— DISTRICT OF ——— LOUISIANA

MICHAEL FRANCIS
Plaintiff

V.

N. BURL CAIN, WARDEN
Defendant

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER:

I, Michael Francis ——— declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant       ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?      ☒ Yes      ☐ No      (If "No go to Part 2)

   If "Yes" state the place of your incarceration Louisiana State Penitentiary

   Are you employed at the institution? Yes Do you receive any payment from the institution? Yes

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months', transactions.

2. Are you currently employed?      ☐ Yes      ☒ No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment      ☐ Yes      ☒ No
   b. Rent payment, interests or dividends      ☐ Yes      ☒ No
   c. Pensions, annuities or life insurance payments      ☐ Yes      ☒ No
   d. Disability or workers compensation payments      ☐ Yes      ☒ No
   e. Gifts or inheritances      ☐ Yes      ☒ No
   f. Any other sources      ☒ Yes      ☐ No
      Hobbyshop, approximately $250.00 per month.

If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

OA 240 (1/94)

4.  Do you have any cash or checking or saving accounts?   ☒ Yes   ☐ No

If "Yes" state the total amount. <u>D.O.C. savings account $306.00</u>

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?   ☐ Yes   ☒ No

If "Yes" describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I Declare under penalty of perjury that the above information is true and correct.

<u>10-18-01</u>       *Michael Francis*
DATE                          SIGNATURE OF APPLICANT

— — — — —

## STATEMENT OF ACCOUNT
### (Certified Institutional Equivalent)

I hereby certify that this inmate, <u>Michael Francis # 169396</u>   has a present
(print name)

inmate account balance of $ <u>306.89</u> at the <u>LSP</u> institution. I further certify that

the average monthly deposits for the proceeding six months is $ <u>157.84</u>.

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing that total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is to be divided by six).*

I further certify that the average monthly balance for the prior six months is $ <u>440.74</u>.

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the numbers of days in that month. This is to be repeated for each of the six prior months. The balance from each of the six months are to be added together and the total is to be divided by six).*

**DATE**

OCT 1 8 2001

————————
Date Certified

**CERTIFIED**

*Vivian Worsham*
Authorized Officer of Institution

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED