FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 22  AM 11: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL FRANCIS** | CIVIL ACTION |
| **VERSUS** | NO: 01-3236 |
| **BURL CAIN, WARDEN** | SECTION: "T"(6) |

### REPORT AND RECOMMENDATION

Petitioner, Michael Francis, filed a federal writ of habeas corpus with this court, which was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Petitioner also filed a "Motion to Hold Proceedings in Abeyance or Continue Habeas Proceeding ..." (Rec. Doc. 4) with this court, requesting that this court either hold his *habeas* proceeding in abeyance to allow him to return to the state courts for the purpose of exhausting his claims, or, alternatively, requesting that the court find that the claims raised in the federal petition are fully exhausted and ripe for adjudication on the merits. The State, pursuant to

DATE OF MAILING MAY 22 2002

DATE OF ENTRY
MAY 22 2002

the court's order, has filed a response to the "Motion to Hold Proceedings in Abeyance or Continue Habeas Proceeding", contending therein that Francis has failed to exhaust his federal claims and will not be prejudiced from a dismissal without prejudice for failure to exhaust. (See Rec. Doc. 7). Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. **IT IS FURTHER RECOMMENDED** that the motion to hold this matter in abeyance be **DENIED.**

## PROCEDURAL HISTORY

Petitioner, Michael Francis, is a state prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Francis was convicted in November 1995, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Louisiana, on one count of armed robbery and two counts of second degree kidnapping. He was adjudicated to be a second felony offender and sentenced to serve fifty (50) years on the armed robbery count, and forty years (40) for each of the kidnapping counts, each sentence to run concurrent to the other and each sentence to be served without benefit of parole, probation or suspension of sentence.[1]

Francis appealed his convictions and sentences to the Louisiana Court of Appeal for the First Circuit in writ no. 97-KA-0201, arguing that: (1) the trial court erred in denying his motions

---

[1] See Minute Entry dated July 14, 1999, pp. 14-15 and Sentencing Transcript dated July 14, 1999, pp. 106-107 of State Rec. Vol. 1 of 4. The July 1999 sentencing was actually a resentencing ordered on remand from the state appellate court.

2

for a mistrial;[2] (2) his attorney rendered ineffective assistance when he failed to object to the prosecutor's closing argument; and, (3) his conviction and sentence should be reviewed for patent error. The state appellate court affirmed the conviction but remanded the matter for resentencing on February 20, 1998. Francis next sought supervisory writs from the Louisiana Supreme Court, challenging the First Circuit's decision on appeal. The Louisiana Supreme Court denied the writ, writ no. 98-KH-1054, on May 8, 1998.

On May 4, 1999, Francis filed a post-conviction application (PCR) with the state trial court asserting the following claims: (1) that he was denied the right to an impartial jury when a police officer was empaneled on the jury; (2) that he received ineffective assistance during voir dire when his lawyer failed to properly object to the court's ruling on the challenge to juror Pechon for "cause"; (3) that he was denied the effective assistance of appellate counsel when counsel failed to brief the issue regarding the ruling on the challenge for "cause" as to juror Pechon; and, (4) that the trial court erred in denying the defense motion for new trial.[3] The trial court denied the PCR on June 17, 1999[4] and denied Francis' motion for reconsideration on August 2, 1999.[5] The Louisiana Court

---

[2] A mistrial was twice requested, first on the basis that the court had replaced a juror with an alternate and second, on the basis of a trial witness's statement regarding the defendant's parole officer.

[3] See State Rec. Vol. 1 of 4, state post-conviction application at pp. 41-78.

[4] The trial court ruled, "Denied. From the record, defendant received effective assistance of counsel." Thus, although the State argues that the trial court denied the application without written reasons, the State's response is incorrect. The trial court only denied a motion for reconsideration on August 2, 1999 without written reasons.

[5] See State Rec. Vol. 1 of 4 at pp. 52 and 82.

of Appeal, First Circuit, denied Francis' request for supervisory writs on October 22, 1999.[6]  The Louisiana Supreme Court denied a request for review of this decision on October 6, 2000.[7]

While Francis' post-conviction writ was proceeding through the state courts, Francis was resentenced by the trial court, as ordered on remand, on July 14, 1999.[8]  The resentencing was subsequently affirmed by the Louisiana Court of Appeal, First Circuit, on December 22, 2000, thus concluding petitioner's direct appeal.[9]

Francis filed a second PCR application with the trial court on October 25, 2001, essentially raising the same claims which he had raised in his first post-conviction application. Petitioner argued, however, that his second application should not be considered repetitive under La. C.Cr. P. art. 930.4[10] because his first petition, filed prior to his direct appeal becoming final, had actually been premature.[11]  On November 29, 2001, the trial court dismissed petitioner's application without requiring an answer from the State.  The court concluded that petitioner's second post-

---

[6]See State Rec. Vol. 4 of 4 at p. 141 (Writ No. 99-KW-2256). The state appellate court merely ruled, "Writ Denied."

[7]See State Rec. Vol. 4 of 4 at p. 111 (Writ No. 2000-KH-0254). The highest state court merely wrote, "Denied".

[8]See Minute Entry dated July 14, 1999, pp. 14-15 and Sentencing Transcript dated July 14, 1999, pp. 106-107 of State Rec. Vol. 1 of 4.

[9]See State Rec. Vol. 4 of 4, Writ. No. 99-KA-2532 at p. 115-117.

[10]La. C.Cr.P. art. 930.4(D) prohibits the filing of a subsequent post-conviction application raising claims raised in prior post-conviction proceedings.

[11]La. C.Cr. P. art. 924.1 provides, "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." Thus, petitioner argued that the trial court was without jurisdiction to rule on his first PCR application as his direct appeal was still pending.

conviction application was procedurally barred on the basis of La.C.Cr. P. art. 930.4 but specified that the reason for the procedural bar was that the gist of petitioner's claims had been fully litigated on appeal and/or that petitioner had inexcusably failed to raise the issues in proceedings leading to his conviction despite having knowledge of the basis of his claims.[12] *See* La. C.Cr. P art. 930.4 (A) and (B).[13] On December 27, 2001, Francis filed a request for review of the trial court's ruling with the Louisiana Court of Appeal, First Circuit in writ no. 2001-KW-3041.[14] According to the Clerk for the Louisiana Court of Appeal, First Circuit, writ no. 2001-KW-3041 is currently pending before that court.[15]

In his federal petition, Francis raises the following claims: (1) that he was denied his right to a fair and impartial jury when he was forced, over objection, to accept a law enforcement officer (Pechon) as a juror; (2) that he was denied the effective assistance of counsel at trial when counsel failed to object and preserve for appeal the defense challenge for cause of juror Pechon; (3) that he was denied the effective assistance of counsel on appeal when counsel failed to brief and appeal the denial of the challenge for cause of juror Pechon; and, (4) that the trial court erred in

---

[12] See State Rec. Vol. 4 of 4 at pp. 83-84, Ruling of the Honorable Patricia T. Hedges, District Judge, 22nd Judicial District Court.

[13] The trial court did not deny the petition on successiveness grounds and thus tacitly appears to have accepted petitioner's contention that jurisdiction did not exist for adjudication of the claims raised in the first PCR application.

[14] Although the State's response indicates that petitioner filed his request for review with the First Circuit on January 7, 2002, according to the Clerk of Court for the First Circuit Court of Appeal, the application was filed on December 27, 2001.

[15] A staff member for the undersigned Magistrate Judge contacted the Clerk of Court for the First Circuit Court of Appeal and was informed that the writ is still pending before that court.

denying the defense motion for new trial based upon the denial of the challenge for cause of juror Pechon. These claims were essentially the same claims which petitioner raised in his first state post-conviction proceedings. In response to the *habeas* petition, the State first asserts that petitioner, Michael Francis, has failed to exhaust in the state courts the claims he currently raises in his federal petition.

## **FAILURE TO EXHAUST**

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for *habeas* relief. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988). The Supreme Court has long held that a state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991), citing *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). The exhaustion requirement is grounded in principles of comity; i.e., in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. *Id.*

In this case, the record indicates that Francis raised the claims before the highest state court which he currently seeks to litigate in his federal habeas petition when he raised the claims in his first state PCR application. Although the state courts appear to have addressed petitioner's claims on the merits, see footnotes 4, 6 and 7, *supra,* it is questionable under state law whether the state

courts had jurisdiction over the claims raised in the first PCR. As petitioner concedes, and the state agrees, the first state PCR application, was filed while petitioner's appeal was still pending, in violation of La. C.Cr. P. art. 924.1. Additionally, the state trial court's failure to deny petitioner's second state post-conviction petition on the ground that it was successive appears to indicate that the court recognized that petitioner's first PCR application was invalid. As a result of the procedural defects of the first PCR application, petitioner filed a second PCR application, raising the claims before the state courts for the first time in a procedurally proper manner. Since the second PCR application has yet to make its way before the Louisiana Supreme Court, in the interest of federal-state comity, the undersigned Magistrate Judge hereby **RECOMMENDS** that Francis' federal *habeas* petition be **DISMISSED WITHOUT PREJUDICE**, as the best course of action would be to allow petitioner to complete his post-conviction process through the state courts before addressing his claims on federal habeas review. However, in order to preserve petitioner's federal filing date, the Magistrate Judge **FURTHER RECOMMENDS** that petitioner be allowed, **within ninety (90) days after exhausting his state remedies**, to reopen this matter under the above-captioned case number and with the benefit of the instant action's filing date.

### RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the petition of Michael Francis for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is **FURTHER RECOMMENDED** that petitioner be allowed, **within ninety (90) days after exhausting his state remedies**, to reopen this matter under the above-captioned case number and with the benefit of the instant action's filing date.

**IT IS FURTHER RECOMMENDED** that petitioner's motion to hold this matter in abeyance be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of May, 2002.

LOUIS MOORE, JR.
United States Magistrate Judge